In re BRADLEES STORES,
INC., et al., Debtors.

**WESTBURY REAL ESTATE VENTURES, INC.,**
Plaintiff,

v.

**BRADLEES, INC. and New Horizons of Westbury, Inc., Defendants.**

No. 96 Civ. 6484 (JSM).

United States District Court,
S.D. New York.

July 25, 1997.

Michael P. Richman, Mayer, Brown & Platt, New York City, for plaintiff.

Sandor E. Schick, Dewey Ballantine, New York City, for defendants.

### MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the Southern District of New York dismissing a complaint filed by plaintiff, Westbury Real Estate Ventures, Inc., against defendants, Bradlees, Inc. and New Horizons of Westbury, Inc. For the following reasons, plaintiff's appeal is dismissed.

## Background

On May 12, 1994, defendants purchased a parcel of land on Long Island upon which it intended to operate one of its stores.[1] At the same time, defendants entered into a Letter Agreement with plaintiff and Mr. Harrison Gray, plaintiff's president (plaintiff and Mr. Gray are hereinafter collectively referred to as "plaintiff"). Plaintiff alleges that the Letter Agreement provided plaintiff with certain options to purchase the property.

On June 23, 1995, defendants filed a voluntary Chapter 11 bankruptcy petition. Plaintiff alleges that, as of the filing of defendants' Chapter 11 petition, it retained the right to purchase the property under the Letter Agreement.

In October 1995, plaintiff learned that defendants intended to sell the property without notifying plaintiff and allowing plaintiff to exercise its option to purchase the property. Accordingly, on January 23, 1996, plaintiff commenced an adversary proceeding against defendants seeking specific performance of the Letter Agreement, an injunction against defendants' sale of the property, and $5,000,-000.00 in damages for breach of the Letter Agreement. Defendants then moved to dismiss the complaint on the grounds that the estates created by the Letter Agreement violated the Rule Against Perpetuities.

On March 28, 1996, plaintiff also filed two proofs of claim, each in the amount of $6,848,835.00, for "anticipatory breach of contract dated September 22, 1993 [the Letter Agreement]."[2] As they did in their motion to dismiss plaintiff's earlier complaint, defendants opposed both proofs of claim on the grounds that the estates created by the Letter Agreement violated the Rule Against Perpetuities.

In a Decision and Order dated March 25, 1996, the bankruptcy court agreed with defendants' argument that the Letter Agreement violated the Rule Against Perpetuities and dismissed plaintiff's complaint. The Bankruptcy Court also denied plaintiff's Motion for Reconsideration in a Memorandum Decision dated July 15, 1996. In that decision, the bankruptcy court held that plaintiff's damage claim was inappropriate in light of the fact that "[plaintiff] has already filed proofs of claim in these cases which will be dealt with in the course of the claims reconciliation process." The bankruptcy court has not yet ruled on the validity of plaintiff's proofs of claim.

## Discussion

Before addressing the merits of plaintiff's appeal, this Court must first consider whether it has appellate jurisdiction over this matter.

█ Title 28 of the United States Code, section 158 grants this Court jurisdiction "to hear appeals from final judgments, orders, and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." 28 U.S.C. § 158(a). Outside of bankruptcy, an order becomes a final order if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The concept of finality is construed more liberally in the context of a bankruptcy case, however, because bankruptcy judges are often required to resolve certain discrete disputes at any time during the course of an extended bankruptcy proceeding. *See In re Hooker Investments, Inc.*, 937 F.2d 833, 836 (2d Cir. 1991). The Second Circuit, therefore, has defined final orders in the bankruptcy context as orders that "finally dispose of discrete disputes within the larger case." *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (quoting *In re Sonnax Indus., Inc.,)* 907 F.2d 1280, 1283 (2d Cir.1990). Although an order "need not resolve all of the issues raised by the bankruptcy" so as to be final

---

1. Although Bradlees initially purchased the property, it later transferred title in the property to New Horizons of Westbury, Inc., Bradlees' subsidiary.

2. Plaintiff filed Claim No. 2525 against Bradlees and Claim No. 2972 against New Horizons of Westbury, Inc. Both claims are for $6,848,835.00 and both arose from defendants' alleged breach of the Letter Agreement.

for purposes of appeal, "it must completely resolve all of the issues relating to the discrete claim." *In re Fugazy Exp. Inc.*, 982 F.2d at 776.

■ In this case, the bankruptcy court's order was not final because it does not entirely dispose of plaintiff's claims arising from defendants' alleged breach of the Letter Agreement. Specifically, the bankruptcy court must hold further proceedings based on the same allegations brought by plaintiff in its complaint in order to determine the merits of the two proofs of claim filed by plaintiff in defendants' Chapter 11 case. Indeed, in its opinion denying plaintiff's motion to reargue, the bankruptcy court acknowledged the need for further proceedings to resolve the claims brought by plaintiff in its complaint: "[Plaintiff] has already filed proofs of claim in these cases which will be dealt with in the course of the claims reconciliation process. In fact, throughout the hearing on the Motion to Dismiss, [plaintiff's] counsel acknowledged as much." (Memorandum Endorsement Denying Plaintiff's Motion to Reargue, dated July 15, 1996, at 6). Although plaintiff correctly notes that an order completely disposing of an adversary proceeding usually meets the requirements of finality for purposes of appeal, it is clear that the claims alleged in plaintiff's complaint must be further litigated during the resolution of the proofs of claim also filed by plaintiff. The dismissal of plaintiff's complaint, therefore, is not a final order over which this Court has appellate jurisdiction.

■ Plaintiff argues that further proceedings are not required to resolve its proofs of claim because the bankruptcy court's determination that the Letter Agreement violates the Rule against Perpetuities requires the bankruptcy court to dismiss the proofs of claim. The law of the case is a doctrine of judicial economy and does not bind the court in future proceedings in the same action. Instead, the doctrine is "admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). The bankruptcy judge in this case, therefore, is not bound to apply his determination that the Letter Agreement violates the Rule Against Perpetuities to the resolution of plaintiff's proofs of claim. Accordingly, the dismissal of plaintiff's complaint does not preclude the necessity for future proceedings to resolve plaintiff's proof of claim.

For the foregoing reasons, plaintiff's appeal is dismissed.

**SO ORDERED.**